[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15047

_____

D.C. Docket No. 5:14-cv-01823-CLS

BRENDA MORGAN,

Plaintiff-Appellant,

versus

LAWRENCE COUNTY COMMISSION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 1, 2017)

Before ED CARNES, Chief Judge, ROSENBAUM and HIGGINBOTHAM,[*]
Circuit Judges.

PER CURIAM:

_____

[*] Honorable Patrick E. Higginbotham, United States Circuit Judge for the Fifth Circuit,
sitting by designation.

Brenda Morgan appeals the district court's grant of summary judgment on her retaliation claim in favor of her former employer, the Lawrence County Commission.  Morgan contends that after she filed an EEOC discrimination charge the Lawrence County Commission retaliated against her, engaging in several adverse actions.

We evaluate retaliation claims like Morgan's that are based entirely on circumstantial evidence under the framework established by the Supreme Court in McDonnell Douglas Corp. v. Green, 511 U.S. 792, 93 S. Ct. 1817 (1973).  See Furcron v. Mail Ctrs. Plus, LLC, 843 F.3d 1295, 1310 (2016).  Under that framework:

> Once a plaintiff establishes a prima facie case of retaliation, the burden of production shifts to the defendant to rebut the presumption by articulating a legitimate, non-discriminatory reason for the adverse . . . action. . . .  If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted, . . . and drops from the case . . . .  After the defendant makes this showing, the plaintiff has a full and fair opportunity to demonstrate that the defendant's proffered reason was merely a pretext to mask discriminatory actions.

See Bryant v. Jones, 575 F.3d 1281, 1307–08 (11th Cir. 2009).

Even assuming that Morgan established a prima facie case of retaliation, the Commission proffered legitimate reasons for its decisions to terminate her employment with the County and to decline to hire her as the director of the Lawrence County Emergency Management Agency.  And Morgan has failed to

2

create a genuine dispute of material fact as to whether those proffered reasons were merely pretextual.  While temporal proximity can serve as evidence of pretext, in the particular circumstances of this case the temporal proximity between the Commission's actions and Morgan's EEOC complaint — whether considered alone or in combination with the other evidence Morgan has presented — is not sufficient to do so.

For that reason, the judgment of the district court is **AFFIRMED.**